**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3110
_____

TAWOOS BAZARGANI,
Appellant

v.

TAMMY RADEL, Pennsylvania State Board of Medicine;
PENNSYLVANIA STATE BOARD OF MEDICINE;
COMMONWEALTH OF PENNSYLVANIA
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-13-cv-06176)
District Judge:  Honorable Eduardo C. Robreno
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 27, 2015

Before:  AMBRO, VANASKIE and SLOVITER, <u>Circuit</u> <u>Judges</u>

(Opinion filed: March 3, 2015 )
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Tawoos Bazargani appeals pro se from the District Court's order dismissing her Title VII employment discrimination complaint. For the reasons set forth below, we will affirm.

I.

Bazargani alleges that in 2007 the defendants[1] failed to renew her medical license because she is Muslim, and that in so doing they violated Title VII of the Civil Rights Act of 1964. Bazargani does not allege that any of the defendants employed her; rather, she alleges her employer was the John F. Kennedy Community Mental Health/Mental Retardation Center, and that she was discharged because the defendants failed to renew her license. On the defendants' motion, the District Court dismissed Bazargani's complaint for failure to state a claim upon which relief could be granted. Bazargani appealed.

II.

Before reaching the merits, we must determine whether this Court has jurisdiction. A notice of appeal in a civil case must be filed "within 30 days after entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1)(A). This time limit is mandatory and jurisdictional. See Bowles v. Russell, 551 U.S. 205, 209-10 (2007). If an order granting a motion to dismiss is not set out in a separate document, then judgment is

_____

[1] Bazargani named three defendants, all allegedly involved in denying her license: (1) The Pennsylvania State Board of Medicine; (2) The Commonwealth of Pennsylvania, Department of State, Bureau of Professional and Occupational Affairs; and (3) Tammy Radel, Administrator of the Pennsylvania State Board of Medicine.

not deemed entered until "150 days have run from the entry in the civil docket." See Fed. R. Civ. P. 58(a), (c)(2)(B). "[A]n order is treated as a separate document if it satisfies three criteria: (1) it must be self-contained and separate from the opinion, (2) it must note the relief granted, and (3) it must omit (or at least substantially omit) the trial court's reasons for disposing of the claims." LeBoon v. Lancaster Jewish Cmty. Ctr. Ass'n, 503 F.3d 217, 224 (3d Cir. 2007).

The District Court's opinion is set forth in the footnotes to the dismissal order, which was entered on the civil docket April 29, 2014. As such, the order is not a separate document because it is not self-contained and separate from the opinion and it includes the District Court's reasoning. See id.; In re Cendant Corp. Sec. Litig., 454 F.3d 235, 243 (3d Cir. 2006). Accordingly, judgment was not entered until September 26, 2014—150 days after April 29, 2014. Bazargani's June 6, 2014 notice of appeal was therefore timely, and this Court has jurisdiction. See 28 U.S.C. § 1291.

Turning to the merits, we exercise plenary review over the District Court's dismissal order. Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Title VII protects against religious discrimination by employers against current or prospective employees, not religious discrimination generally. See 42 U.S.C. §§ 2000e(f), 2000e-

3

2(a); <u>Brown v. J. Kaz, Inc.</u>, 581 F.3d 175, 179-81 (3d Cir. 2009). Bazargani has not sued her employer, and Title VII "is not applicable to the licensing functions of a public agency." <u>George v. N.J. Bd. of Veterinary Med. Exam'rs</u>, 794 F.2d 113, 114 (3d Cir. 1986). As such, Bazargani's claim is not cognizable under Title VII, and the District Court properly dismissed her complaint for failure to state a claim.[2] We will therefore affirm the judgment of the District Court.

---

[2] Bazargani did not seek, and the District Court did not offer, leave to amend the complaint. The extent to which District Courts must offer leave to amend sua sponte outside of 42 U.S.C. § 1983 cases is unresolved. <u>See</u> <u>Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.</u>, 482 F.3d 247, 251-53 (3d Cir. 2007). We need not resolve that question here because amendment would be futile. Bazargani's Title VII claim is legally flawed and, as the defense noted in the District Court, an action under § 1983— the only other conceivable federal claim—would be barred by the two-year statute of limitations, among other obstacles. <u>See</u> 42 Pa. Cons. Stat. § 5524(2); <u>Kach v. Hose</u>, 589 F.3d 626, 634 (3d Cir. 2009).